# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

-vs-                               Case No.:  6:98-cr-241-Orl-19

STEPHEN ANTHONY BUSH,

     Defendant.

_____/

## ORDER

This case is before the Court on Defendant's Challenge to the Court's Subject Matter Jurisdiction or, In the Alternative, Request for Jurisdiction Inquiry Upon the Court's Own Motion (Doc. No. 157, filed January 30, 2006).  Petitioner alleges that the Court lacked subject matter jurisdiction to impose an enhanced sentence under 21 U.S.C. section 851. He contends that the information filed in this case "lacked the necessary constituents deemed sufficient under the applicable law to confer subject matter jurisdiction upon the court."  He brings this motion pursuant to Federal Rule of Criminal Procedure 12(b) and (e), and the Court's "Equitable Jurisdiction."

Initially, the Court notes that the judgment of conviction and sentence imposed upon Defendant was entered on March 24, 1999 (Doc. No. 76).  Defendant then filed a direct appeal, and the Eleventh Circuit Court of Appeals affirmed on February 9, 2000.  *See* Doc. No. 117, filed March 15, 2000.  Petitioner next filed a section 2255 motion (Doc. No.

122, filed September 27, 2000), which was amended on August 3, 2001 (Doc. No. 137).  The amended section 2255 motion was denied on March 28, 2002 (Doc. No. 147), and the appellate court denied Petitioner's appeal on September 5, 2002 (Doc. No. 156).

The instant motion is without merit.  First, neither Federal Rule of Criminal Procedure 12 nor the Court's "equitable jurisdiction" provides a basis for the relief sought by Defendant in this case.  Defendant has failed to demonstrate that these matters would allow relief from his sentence at this stage of the proceedings.

Next, it is apparent that the present motion merely attempts to assert claims of error in Defendant's sentence, and these matters should have been raised in his section 2255 motion.  *Cf. Gonzalez v. Crosby*, 125 S. Ct. 2641, 2651 (2005) (holding that a Rule 60(b) motion for relief from judgment in a habeas corpus case brought under 28 U.S.C. § 2254 should not be characterized as a second or successive petition pursuant to 28 U.S.C. § 2244(b) "if it does not assert, or reassert, claims of error in the movant's state conviction."); *see also United States v. Terrell,* 141 Fed. App'x. 849, 851 (11th Cir. 2005) (determining that *Gonzalez'* "holding and rationale apply equally to § 2255 . . . .").

Under the circumstances, the present motion should be treated as a second or successive section 2255 motion.  *Cf. Terrell*, 141 Fed. App'x. at 851.  Before Defendant will be permitted to file a second or successive section 2255 motion in this Court, he must move in the Eleventh Circuit Court of Appeals for an order authorizing the district court to consider the motion.  *See* 28 U.S.C. §§ 2244 and 2255.  Consequently, this motion will be

dismissed without prejudice to allow Defendant the opportunity to seek authorization from the Eleventh Circuit Court of Appeals.

Defendant should be aware that section 2255 limits the circumstances under which the Court of Appeals will authorize the filing of a second or successive section 2255 motion. Furthermore, 28 U.S.C. section 2255 also imposes a time limitation on the filing of a section 2255 motion. Defendant, in seeking relief in the Court of Appeals, should be cognizant of these provisions.

Accordingly, it is **ORDERED** that Defendant's Challenge to the Court's Subject Matter Jurisdiction or, In the Alternative, Request for Jurisdiction Inquiry Upon the Court's Own Motion (Doc. No. 157, filed January 30, 2006) is **DENIED AND DISMISSED** without prejudice to his right to move in the Eleventh Circuit Court of Appeals for an order authorizing this Court to consider the motion.

**DONE AND ORDERED** at Orlando, Florida this __1st_____ day of February, 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

3

Copies to:
pslc 1/23
Counsel of Record
Stephen Anthony Bush